**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SERVICE EMPLOYEES INTERNATIONAL** | § | **CASE NO. 16-20483** |
| **UNION – TEXAS** | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**EMERGENCY MOTION OF PROFESSIONAL JANITORIAL SERVICE OF**
**HOUSTON, INC. TO CLARIFY AND ENFORCE ORDER SETTING HEARING AND**
**GRANTING OTHER RELIEF**
**(Relates to Doc. No. 8)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

Professional Janitorial Service of Houston, Inc. ("PJS") files this Emergency Motion to

Clarify and Enforce Order Setting Hearing and Granting Other Relief.

## Summary

Yesterday, this Court modified the automatic stay to allow the state court to proceed with a hearing scheduled for December 15, 2016 on the Debtor's motion to determine the amount of the appellate bond in the underlying litigation that caused the filing of this case. Today, the Debtor withdrew its motion to set bond in a desperate attempt to avoid having the state court set the supersedeas bond. The Court's intention in the Order was clear—the state court should determine the amount of the bond after which this Court would consider whether to dismiss or convert this case. The Debtor should not be able to circumvent this Court's Order with this kind of blatant gamesmanship. Accordingly, PJS requests this Court enter an order clarifying and enforcing its previous order so that the state court may determine the amount of the supersedeas bond upon the motion of either party.

## Background

1.     On December 9, 2016, PJS filed its Expedited Motion to Dismiss or, In the Alternative, Convert Case (Doc. No. 7) (the "Motion to Dismiss"). A detailed recitation of the facts regarding the underlying litigation between The Debtor and PJS is set forth in the Motion to Dismiss and is incorporated herein.

2.     PJS filed the Motion to Dismiss on an expedited basis so that the state court could rule on the Debtor's Motion to Set Bond which was set for hearing on December 15, 2016.

3.     On December 12, 2016, the Court entered an order setting a hearing on the Motion to Dismiss for January 27, 2017 and further provided:

> The automatic stay is modified to allow the state court to proceed with the hearing on December 15, 2016 to consider the debtor's motion to determine the amount of the appellate bond. No other action may be taken absent further order from this Court.

(Doc. No. 8) (the "Order").

2

4.      On December 13, 2016, SEIU filed a Notice of Withdrawal of Motion to Set Bond (the "Notice of Withdrawal").  *See* **Exhibit A**.

5.      The Debtor's Notice of Withdrawal is an attempt at sidestepping the Court's Order modifying the stay to allow the state court to set a supersedeas bond.  As the Debtor knows, the December 15 hearing date was specifically reserved by the state court and set aside for the purpose of considering the appropriate supersedeas bond.  The Debtor had been preparing for the bond-setting hearing at least as early as October 31, 2016, when it filed its motion to set bond and briefed its arguments in support of that motion. The parties are ready to proceed. In light of the Debtor's clear gamesmanship and continued dilatory conduct, PJS seeks clarification from this Court that it may file its own motion to set bond in the state court—to be heard on the same timeframe previously contemplated.[1]

## Relief Requested

6.      PJS requests that the Court enter an order clarifying and enforcing its previous order which would allow the state court to set a supersedeas bond based on the motion of PJS or the Debtor.

## Request for Emergency Consideration

7.      As set forth in the Motion to Dismiss, the state court was prepared to hear the Debtor's Motion to Set Bond on December 15, 2016.  PJS requests relief on an emergency basis so that it may file its own motion to determine the amount of the supersedeas bond and have it heard by the state court before December 30, 2016, which PJS believes was this Court's original intent in entering its order modifying the stay.

---

[1] If the Court's order is clarified, PJS intends to seek emergency consideration if its motion to set a bond so it is heard on or about December 15, 2016.

5950441v12

Accordingly, PJS respectfully requests this Court enter an order clarifying and enforcing its previous Order which would permit the state court to set a supersedeas bond on the motion of either PJS or the Debtor and for such other and further relief as is just.

**Dated: December 13, 2016.**

Respectfully submitted,

By:   /s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**Counsel for Professional Janitorial
Service of Houston, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that this instrument was served by electronic mail service to counsel for the debtors (bhugon@mckoolsmith.com) and by electronic transmission to all registered ECF users appearing in the case on December 13, 2016.

/s/ Aaron J. Power
Aaron J. Power

5950441v12