**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SERVICE EMPLOYEES INTERNATIONAL UNION - TEXAS | § | Case No. 16-20483 |
| | § | |
| Debtor. | § | |
| | § | David R. Jones |

**SERVICE EMPLOYEES INTERNATIONAL UNION – TEXAS'S**
**MOTION TO MODIFY THE AUTOMATIC STAY**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Service Employees International Union – Texas (the "Local" or the "Debtor") files this *Motion to Modify the Automatic Stay* (the "Motion") and respectfully shows as follows:

**SUMMARY**

1. The Local seeks to modify the automatic stay to continue an appeal filed prepetition with the Court of Appeals for the First District of Texas, appealing the judgment entered in favor of Professional Janitorial Service of Houston, Inc. ("PJS") in *Professional Janitorial Service of Houston, Inc. v. Service Employees International Union Local 5,* Cause No. 2007-27181, in the 61st Judicial District, Harris County, Texas (the "PJS Lawsuit"), and to pursue all other appellate rights afforded by the Texas Rules of Appellate Procedure. PJS's disputed claim is the largest claim asserted in this case. Ultimately, PJS's claim will have to be determined and a Texas appellate court is the appropriate forum to address the Local's appellate rights with respect to the judgment forming the basis of PJS's claim. This Court has already



1292064

authorized the retention of the attorneys representing the Local in the appeal. Those attorneys are not paid by the Local, so there is no harm to the estate in pursuing the Local's appellate rights. There is no reason why the stay should not be modified at this time to allow the Local to pursue its appellate rights.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1334.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

5. The Local has been in operation since 2013, when three other unions (SEIU Local 5, SEIU Healthcare Texas, and the Houston Division of SEIU Local 1) merged with the newly chartered Local.[1] The Local assumed the assets and liabilities of the predecessor unions.[2]

6. In 2007, PJS sued SEIU Local 5 (one of the predecessor unions). The acts forming the basis of the PJS Lawsuit occurred in 2006 and 2007, long before the Local came into existence.[3] The Local's current officers were never officers of SEIU Local 5, and were in no way involved or implicated in the acts forming the basis of the PJS Lawsuit.

7. A judgment against SEIU Local 5 was entered in the PJS Lawsuit on September 26, 2016.[4] The Local's liability for the judgment (to the extent it withstands the appellate process) is successor liability only. As set forth in further detail in the Local's *Objection to Expedited Motion of Professional Janitorial Service of Houston, Inc. to Dismiss or, in the*

[1] *See* UNITY AGRMT. [Dkt. No. 24-1], p.1.

[2] *See* UNITY AGRMT. [Dkt. No. 24-1], ¶ 5(A).

[3] *See* PL. SIXTH AM. PET. [Dkt. No. 24-4], ¶¶ 9–41.

[4] *See* J. [Dkt. No. 7-10].

*Alternative, Convert Case* (Dkt. No. 24), the judgment in the PJS Lawsuit and the Local's inability to post a *supersedeas* bond precipitated this bankruptcy filing.

8. Local has several viable appellate arguments, some of which have already been set out in pretrial, trial, and post-trial motions,[5] that it intends to pursue in the Texas appellate courts.[6] The Local fully expects to succeed in overturning the judgment. Contemporaneously, the Local intends to mediate with PJS in accordance with the parties' *Stipulation and Agreed Order* [Dkt. No. 54]. The Local requests that the Court modify the automatic stay and allow the Local to pursue all avenues for bringing the PJS Lawsuit to a conclusion.

## ARGUMENTS AND AUTHORITIES

### I. CAUSE EXISTS TO MODIFY THE STAY TO ALLOW THE LOCAL TO PURSUE ITS APPELLATE RIGHTS IN THE PJS LAWSUIT.

#### A. *Standard for Modifying the Stay*

9. The automatic stay prevents the continuation of the PJS Lawsuit, as it is a proceeding against a debtor.[7] Fifth Circuit precedent makes clear that the prohibition against continuing such proceedings likewise applies to debtor-defendants such as the Local.[8]

10. Courts may modify the automatic stay for cause shown.[9] While the Bankruptcy Code does not define cause, courts within the Fifth Circuit have considered the twelve "*Curtis*

---

[5] *See, e.g.*, DEF. MEM. SUPP. MOT. JNOV OR NEW TRIAL [Dkt. No. 24-3].

[6] A notice of appeal was filed prepetition. The appellate briefing schedule had not yet begun at the time of filing, and so the Local has not yet filed pleadings with the Texas appellate courts.

[7] *See* 11 U.S.C. § 362(a)(1).

[8] *See Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 229 n.4 (5th Cir. 1986) (noting that in judicial proceedings against a debtor, even actions taken by the debtor violate the automatic stay).

[9] *See* 11 U.S.C. § 362(d)(1).

factors" to determine whether cause exists to modify the automatic stay in order to allow pending litigation to proceed in another forum.[10] The twelve *Curtis* factors are as follows:

> (1) Whether the relief will result in a partial or complete resolution of the issues;
>
> (2) The lack of any connection with or interference with the bankruptcy case;
>
> (3) Whether the foreign proceeding involves the debtor as a fiduciary;
>
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
>
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
>
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
>
> (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
>
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
>
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
>
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
>
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial;
>
> (12) The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (internal citations omitted). Not all of the factors are relevant in each case.[11] Additionally, the factors need not be assigned equal weight.[12]

---

[10] *See In re Xenon Anesthesia of Tex., PLLC,* 510 B.R. 106 (Bankr. S.D. Tex. 2014); *In re Patel*, 2010 Bankr. LEXIS 2708 (Bankr. S.D. Tex. Aug. 16, 2010); *In re United States Brass Corp.*, 176 B.R. 11 (E.D. Tex. 1994); *see also in re Alexandra Trust*, 526 B.R. 668 (Bankr. N.D. Tex. 2015) (applying the factors from a Second Circuit decision, *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990), which adopted the *Curtis* factors).

**B. *Analysis of the Curtis Factors***

11. The first *Curtis* factor favors modifying the stay, as the Local seeks a complete resolution of the PJS Lawsuit on appeal.

12. The second *Curtis* factor favors modifying the stay to continue the appellate process. The Local has agreed not to seek an extension of exclusivity as a result of the appeal (or for any other reason).[13] Any plan will have to address the contingency of the Local's appellate rights with respect to the PJS Lawsuit. But modifying the stay to continue the appellate process will not interfere with the bankruptcy proceedings and the need to file and seek approval of a plan expeditiously.

13. The third *Curtis* factor is inapplicable, as the underlying lawsuit does not involve the Local acting in a fiduciary capacity.

14. The fourth *Curtis* factor favors modifying the stay to continue the appellate process. This Court cannot hear an appeal from a Texas trial court. The Texas appellate courts are the tribunals with the expertise to hear, and which are designed to hear, the Local's appeal of the judgment entered in the PJS Lawsuit.

15. The fifth *Curtis* factor favors modifying the stay. Although this case does not involve an insurance carrier responsible for all defense costs, the Local's estate likewise will not be responsible for the costs of the appeal.[14]

---

[11] *See In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990) (applying only four of the *Curtis* factors); *In re United States Brass Corp.*, 176 B.R. 11 (E.D. Tex. 1994) (applying only a subset of the *Curtis* factors).

[12] *In re United States Brass Corp.*, 176 B.R. 11, 13 (E.D. Tex. 1994) (citing *In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994)).

[13] *See Stipulation and Agreed Order* [Dkt. No. 54].

[14] *See* APP. RETAIN ALTSHULER BERZON LLP [Dkt. No. 22], ¶ 19; APP. RETAIN ROACH & NEWTON LLP [Dkt. No. 46], ¶ 18.

16. The sixth *Curtis* factor favors modifying the stay to continue the appellate process. The PJS Lawsuit did seek more than an "adjudication of the liability of third parties,"[15] as it was filed against one of the Local's predecessor unions (whose liabilities were assumed by the Local). However, a judgment had already been handed down by the time of the bankruptcy filing. Modifying the stay to allow the Local to pursue its appellate rights will not result in an adjudication of liability for which the Local's estate will be responsible, as this has already occurred. Indeed, allowing the appeal to go forward can only relieve the Local's estate of a liability (given that the Local will not be responsible for attorneys' fees related to the appeal).

17. The seventh *Curtis* factor favors modifying the stay. Again, this Court cannot hear an appeal from a Texas trial court. The Local must pursue its appellate rights in a Texas appellate court. Interested parties cannot argue prejudice resulting from the Local pursuing its appellate rights in another forum as opposed to this Court, because the Local cannot pursue its appellate rights in this Court.

18. The eighth *Curtis* factor is neutral, as the Local has yet to analyze the possibilities of equitable subordination of PJS's claim.

19. The ninth *Curtis* factor favors modifying the stay, as the PJS Lawsuit cannot result in a judicial lien subject to avoidance under section 522(f) as impairing an exemption, because the Local has no such exemptions.

20. The tenth *Curtis* factor favors modifying the stay. The PJS Lawsuit has lasted a decade. The Local is pursuing multiple options (including mediation) to conclude the PJS Lawsuit. The appellate process is one of these options. Judicial economy supports allowing the

---

[15] *Curtis*, 40 B.R. at 805.

Local to pursue its appellate rights while contemporaneously pursuing mediation with PJS and all other options for putting an end to the PJS Lawsuit.

21. The eleventh *Curtis* factor is inapplicable as the PJS Lawsuit has reached the appellate stage. This Court is not faced with the question of whether it is better from a judicial economy standpoint to allow the foreign proceeding to progress to trial. The trial has already occurred and a judgment has been handed down. The Local's appeal of the judgment in the PJS Lawsuit must take place in another forum.

22. Finally, the twelfth *Curtis* factor favors modifying the stay. The Local's estate will not incur any expenses related to the appeal, and thus the Local's creditors will not be harmed by allowing the appeal to go forward. In fact, the Local's creditors would benefit should the appeal succeed, as they would receive a larger percentage of their claim. The Local (and its estate) will benefit from modification of the stay, by allowing the pursuit of appellate rights and potentially relieving the estate of liabilities. PJS, in turn, will suffer no harm by allowing the Local to exercise its appellate rights (that it would be similarly able to exercise outside of bankruptcy).

23. All relevant *Curtis* factors either support modifying the stay to allow the Local to pursue its appeal rights, or are neutral. Cause exists to modify the stay pursuant to section 362(d)(1).

**PRAYER**

24. For the reasons set forth above, the Local requests that this Court enter an order: (i) modifying the automatic stay to allow the Local to continue its appeal of the judgment entered in the PJS Lawsuit and to pursue all appellate rights under the Texas Rules of Appellate

Procedure; and, (ii) granting such other and further relief, both at law and in equity, to which the Local is justly entitled.

Dated: February 3, 2017.

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: */s/ Christopher D. Johnson*

Hugh Ray Jr. (SBN: 16611000)
Nicholas A. Foley (SBN: 07208620)
Christopher D. Johnson (SBN: 24012913)
Benjamin W. Hugon (SBN: 24078702)
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

***Counsel for Service Employees International Union - Texas***

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on February 1, 2017, I conferred with counsel for PJS. The parties were unable to reach an agreement on the relief sought in the Motion.

*/s/ Benjamin W. Hugon*
Benjamin W. Hugon

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 3, 2017, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system, and by first-class mail, postage prepaid to: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the 20 largest unsecured creditors of the Local; (iii) to the creditors on the list filed pursuant to Rule 1007(d); (iv) the Internal Revenue Service; and, (v) any other party requesting notice in this bankruptcy case.

*/s/ Benjamin W. Hugon*
Benjamin W. Hugon